IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. 3:12-cv-4716-O (BF) |
| § | |
| ALEXANDER DURAN, ET AL., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. On November 19, 2012, Defendant Alexander Duran, proceeding *pro se*, filed a Notice of Removal from County Court of Law No. 1, Tarrant County, Texas. Doc. 3. On December 17, 2012, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a Motion to Remand as well as a brief and appendix in support. Doc. 6 & 7. Defendants have failed to respond to the motion. For the following reasons, the Court hereby recommends that Wells Fargo's Motion to Remand be GRANTED.

**Background**

Wells Fargo originally filed this forcible detainer action in Texas state court against Defendants Alexander Duran, Latasha Duran, and all other occupants of 1507 Glenwillow Drive in Arlington, Texas (the "Glenwillow Drive Property"). Defendant Alexander Duran removed the case to federal court on grounds of diversity jurisdiction. Def. Notice of Removal at 2-3, ¶ III. As grounds for federal subject matter jurisdiction, the Notice of Removal avers there is complete diversity between the parties because Defendants are "individual resident citizens of the State of Texas" and Wells Fargo is a citizen of California. *Id.* at 2, ¶ III(b)(i)-(ii). The Notice of Removal

further states the amount in controversy exceeds $75,000 because "[t]he subject real property has a current fair market value of $78,000.00 according to the Tarrant Central Appraisal District." *Id.*, ¶ III(a)(i). Wells Fargo now seeks to remand this case to state court on multiple grounds, including: (1) the Notice of Removal fails to establish that subject matter jurisdiction is proper; (2) the removal was untimely; (3) not all the named defendants consented to the removal; and (4) the forum-defendant rule bars removal.

### **Legal Standard**

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Where, as here, a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

### **Analysis**

Wells Fargo argues, among other things, that the Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1332 because Defendants have not established that the amount in controversy exceeds the required $75,000. Pl. Mot. to Remand at 5-8. The Court agrees.

The Notice of Removal avers that Wells Fargo's forcible detainer action satisfies the amount in controversy requirement because the Glenwillow Drive Property has "a fair market value of $78,000." Def. Notice of Removal at 2. Defendants present no other facts or argument as to the amount in controversy. As noted by Wells Fargo, however, courts in the Northern District of Texas

have consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself, but rather the value of the right to immediate possession of the premises. Pl. Mot. to Remand at 7; *see, e.g., Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010) (collecting cases). Thus, the Notice of Removal incorrectly uses the Glenwillow Drive Property's fair market value to determine the amount in controversy.

Further, the federal removal statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Under the plain language of section 1441(b), an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. Here, Defendant Alexander Duran is a citizen of Texas -- the same state where Wells Fargo filed this action. Thus, even if the statutory requirements of federal diversity jurisdiction are met, Defendants cannot remove the case to federal court.

## Recommendation

For the foregoing reason, the Court recommends that Wells Fargo's Motion to Remand [Doc. 6] be GRANTED and this case REMANDED to County Court of Law No. 1, Tarrant County, Texas.

SO RECOMMENDED, January 9, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).